**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TERRY C. BRUNNER | ) | |
| Plaintiff, | ) | |
| v. | ) | 98-554C (Judge Wolski) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**

Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims, defendant respectfully requests that the Court grant leave to the Government to file the attached First Amended Answer. Defendant's motion for leave should be granted because plaintiff will suffer no undue prejudice as a result, there has been no undue delay on the part of defendant in asserting these defenses, and no other reason exists that would justify this Court in departing from the rule that motions for leave to amend pleadings should be granted liberally. The First Amended Answer is identical to defendant's original answer except that it sets forth the additional affirmative defenses of prior material breach and payment.

**PROCEDURAL BACKGROUND**

Mr. Brunner filed his complaint with this Court on July 2, 1998. The complaint contains one count, alleging that the Government breached a contract for compensation entered into by and between the Drug Enforcement Agency ("DEA") and Mr. Brunner. Compl. ¶¶ 18-22. Specifically, Mr. Brunner asserted that he worked as a confidential informant for the DEA and that, as a result of his activities, he was owed compensation and rewards totaling no less than $67,527.21. Compl. ¶¶ 1, 7.

We filed our answer on October 7, 1998. Although we noted that DEA had made certain payments to Mr. Brunner, we did not specifically assert in the answer the affirmative defenses of prior material breach or payment.

On July 24, 2002, we filed a motion for summary judgment, explaining that Mr. Brunner could not establish an implied-in-fact contract with the United States for compensation and rewards relating to his activities as a confidential informant. Specifically, we demonstrated that none of the Government officials upon whose conduct Mr. Brunner relied possessed the authority to bind the United States in contract. In response, on October 11, 2002, Mr. Brunner filed a cross-motion for partial summary judgment, arguing that Mr. Brunner had entered into an enforceable agreement with the United States. Pl. Cross-Mot. Summ. J. 15.

On May 2, 2006, this Court issued its opinion, granting-in-part and denying-in-part the Government's motion for summary judgment, and granting-in-part and denying-in-part the Mr. Brunner's cross-motion for partial summary judgment. The Court held that no contract was possible concerning a promise to pay awards for individuals indicted or property seized and forfeited, due to lack of contracting authority and lack of ratification. The Court, however, also held that the Government agents upon whose conduct Mr. Brunner relied possessed the implied authority to bind the DEA in a contract paying a salary and expenses to plaintiff. Accordingly, the Court held that Mr. Brunner had established the existence of a contract for a monthly salary of $2,000 and reimbursement of relocation expenses.

## ARGUMENT

Rule 15(a) of this Court's rules, which governs the filing of amendments to pleadings, reads as follows:

> A party may amend [its] pleadings once as a matter of course at any time before a response is served . . . . Otherwise a party may amend [its] pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . .

This Court has noted that "leave to amend should be freely permitted absent sufficient explicit reasons indicating that it should be denied." St. Paul Fire and Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994), quoting, State of Alaska v. United States, 24 Cl. Ct. 276, 279 (1988); see Principal Mutual Life Ins. Co. v. United States, 26 Cl. Ct. 616, 623 (1992) (noting that Rule 15(a) "sets forth a permissive standard in regard to the granting of amendments" and that, in construing analogous Rule 15(a) of the Federal Rules of Civil Procedure, the Supreme Court has construed the rule "quite liberally"). As the Supreme Court has stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962), quoted, Principi Mutual Life, 26 Cl. Ct. at 623; St. Paul Fire and Marine, 31 Fed. Cl. at 153; State of Alaska, 15 Cl. Ct. at 279.

In applying the permissive standard for amending a pleading, the Supreme Court has placed a particular emphasis on the element of prejudice to the opposing party. Principal Mutual Life, 26 Cl. Ct. at 623. "In order to successfully assert undue prejudice as a justification for denying a Rule 15 motion, the non-movant must demonstrate that one of the following circumstances will result: severe disadvantage or inability to present facts or evidence; necessity or conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or excessive delay that is unduly burdensome." St. Paul Fire and Marine, 31 Fed. Cl. at 153. Mr. Brunner cannot demonstrate such prejudice here. Mr. Brunner still possesses the opportunity to present facts or evidence pertinent to defendant's defenses of prior material breach and payment; the trial date has not yet been set; and there has been no excessive delay that is unduly burdensome. At most, plaintiffs can demonstrate "[m]ere annoyance and inconvenience," which the Court held in St. Paul Fire and Marine was an insufficient basis to deny a motion for leave to file an amended answer, a counterclaim, and a special plea in fraud. Id. at 153; see Principal Mutual Life, 26 Cl. Ct. at 625 (plaintiffs failed to demonstrate prejudice justifying denial of motion for leave to amend answer to add two affirmative defenses); Tyger Construction Co. v. United States, 28 Fed. Cl. 35, 54 (1993) (same); Shore v. United States, 26 Cl. Ct. 826, 828 (1992) (plaintiffs permitted to amend answer to counterclaim because no prejudice present).

Undue delay is also a factor that courts have considered in determining whether they should exercise their discretion to permit the amendment of a pleading. Foman, supra, 371 U.S. at 182; Tenneco Resins, Inc. v. Reeves Bros., Inc., 752 F.2d 630, 634 (Fed. Cir. 1985); Tyger Construction, 28 Fed. Cl. at 54. However, there is no undue delay present here that justifies denial of the Government's motion for leave to amend the answer. Prior to this Court's May 2,

2006 opinion, the issue before this Court was the existence of a contract, and the precise quantum of recovery was not under consideration. The Government consistently asserted that there was no valid contract in existence. See Def. Mot. Summ J. Indeed, prior to this Court's May 2, 2006 opinion, this Court had never held that DEA agents possessed the actual implied authority to enter into contracts with confidential informant. See Cornejo-Ortega v. United States, 61 Fed. Cl. 371 (2004); Doe v. United States, 58 Fed. Cl. 479 (2003), aff'd, 2004 WL 2550416 (Fed. Cir. 2004); Tracy v. United States, 55 Fed. Cl. 679 (2003); Doe v. United States, 48 Fed. Cl. 495 (2000); Khairallah v. United States, 43 Fed. Cl. 57 (1999); Cruz-Pagan v. United States, 35 Fed. Cl. 59 (1996). Upon the issuance of the Court's decision, the parties attempted to determine if this case could be settled or if they could reach an agreement upon damages. Having failed to reach a complete agreement, defendant has filed this motion to amend to raise two issues relevant to the quantum of Mr. Brunner's recovery.

Further, Mr. Brunner has been on notice that these defenses might be raised in the event that this Court found that there was a contract between the DEA and Mr. Brunner. As early as July 21, 1995, the DEA explicitly raised Mr. Brunner's violation of the Cooperating Individuals Agreement in response to Mr. Brunner's claim for compensation. See Def. Mot. Summ. J. App. 27. The facts relevant to prior material breach were also included in Defendant's Proposed Findings of Material Fact, filed in conjunction with our Motion for Summary Judgment on July 24, 2002. See Def. PFUF ¶¶ 4, 7, 8. Similarly, the DEA's July 21, 1995 letter provides that Mr. Brunner has been paid for his services to the DEA. See Def. Mot. Summ. J. App. 26. The unamended Answer to the Complaint acknowledges that Mr. Brunner was paid certain sums by the DEA, and Defendant's Proposed Findings of Material Fact expressly states that Mr. Brunner

"received discretionary payments from DEA of over $13,000 as compensation for his assistance to the DEA and for expenses incurred during his assistance." Answer ¶ 11; PFUF ¶ 6.

Any delay on the Government's part here simply does not "rise to the egregious level found in cases where courts have refused leave to amend. See, e.g., Hidell v. Int'l Diversified Invs., 520 F.2d 529 (7th Cir. 1975) (where defendant filed permissive counterclaim one month after trial)." Tyger Construction, 28 Fed. Cl. at 54.

In sum, defendant's motion for leave to amend its Answer should be granted because justice will be far better served if the Government's defense of prior material breach is considered on the merits. Indeed, this Court has previously recognized that, absent extreme circumstances not present here, the purpose of Rule 15(a) is to allow cases to be decided on the merits:

> As the Supreme Court in Foman explained, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

St. Paul Fire and Marine, 31 Fed. Cl. at 154.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court grant defendant's motion for leave to file its First Amended Answer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification United
8th Floor
1100 L Street, NW
Washington, D.C.
Tel: (202) 307-0290

OF COUNSEL:
RICHARD A. MEDEMA
Drug Enforcement Administration
Office of Chief Counsel
700 Army-Navy Drive
Arlington, VA 22202

November 15, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 15th day of November, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice