IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERRY C. BRUNNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 98-554C<br>(Judge Wolski) |

**DEFENDANT'S FIRST AMENDED ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is require; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; by way of further answer, defendant respectfully refers the Court to the cited statute.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Denies.

9. Admits the allegations in the first sentence of paragraph 9 to the extent that plaintiff provided assistance and information to the Drug Enforcement administration ("DEA") which resulted in six individuals pleading guilty and one individual being found guilty at trial, and to the extent that plaintiff testified against one individual before a grand jury; otherwise, denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations in the second sentence of paragraph 9 to the

extent that plaintiff resided in Montana while providing information to the DEA; otherwise, denies the remainder of the allegations contained in the second sentence of paragraph 9.

10. Denies.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent that the DEA made certain payments to plaintiff; otherwise, denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second and third sentences of paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 11.

12. Denies.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents, and to the extent that the DEA exercised its discretion not to pay plaintiff additional funds after plaintiff failed to testify at trial; otherwise, denies the allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13.

14. Denies.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Admits the allegations in paragraph 16 to the extent that the DEA informed plaintiff by letter dated July 21, 1995, that no recording exists of any conversations which may have occurred between plaintiff and DEA agents on August 3, 1992; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent that plaintiff filed a motion in United States District Court seeking release of grand jury testimony and to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

COUNT I

BREACH OF CONTRACT FOR COMPENSATION

18. Defendant incorporates by reference its responses to paragraphs 1 through 17 of the plaintiff's complaint.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Denies.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Denies each and every allegation not previously admitted or qualified.

25. Denies that the plaintiff is entitled to the relief requested in his prayer for relief or to any relief whatsoever.

AFFIRMATIVE DEFENSES

26. The Government asserts the affirmative defense of prior material breach, in that Mr. Brunner failed to comply with the terms of any alleged contract with the Government.

27. The Government asserts the affirmative defense of payment, in that Mr. Brunner has received no less than $13,000 pursuant to the alleged contract with the Government.

WHEREFORE, defendant requests that the complaint be dismissed and defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Steven M. Mager
STEVEN M. MAGER
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 616-2377

OF COUNSEL:
RICHARD A. MEDEMA
Drug Enforcement Administration
Office of the Chief Counsel
700 Army-Navy Drive
Arlington, VA 22202

November 15, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of November, 2006, a copy of the foregoing "DEFENDANT'S FIRST AMENDED ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice