12/10/92 about 1:50pm I talked with Gale Gustafson

(1) That the obligation on the trailer has been met
(we gave him the date of payment & the amount)

(2) That we originally that we would pay him an additional $2000 at the conclusion of his testimony against one of the targets

(3) That we have paid him well & don't feel we owe him anything other than the $2,000

Elsy - please file this in SAM 92-0014

3a

Gustafson & Rohrer
Attorneys At Law
400 South Main Street, Suite 101
Conrad MT 59425

Gale R. Gustafson, J.D.
Arnold M. Rohrer, J.D.

Area Code 406
Telephone 278-7521

December 18, 1992

Ben Yarborough, Resident Agent
Drug Enforcement Administration
U.S. Department of Justice
P.O. Box 2887
Great Falls, Montana 59403

pls. file

RE: Terry C. Brunner, Undercover Agent,
DEA #C10014, Soc. Sec. No. 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

Dear Ben:

Since your telephone call to me of December 10, 1992, in response to my letter to you of December 8, 1992, I have had occasion to review your comments with my client, Mr. Terry Brunner. First of all, Terry and I would like to thank you for confirming for us that the DEA has paid all rent and utilities due in connection with Mr. Brunner's August 27, 1992 Rental Agreement with Property Development.

As you might imagine, however, Mr. Brunner was very disappointed in the position now taken by you that the only monies Mr. Brunner has coming from the DEA for certain is the $2,000.00 balance due him for the $2,500 reward in connection with the charges filed or to be filed against Michael Snyder a/k/a "Goat" upon testifying for the government against Mr. Snyder. Mr. Brunner and I are both disappointed with your vague responses about what the DEA's obligation is to him for moving expenses, rewards likely to become due him with respect to other offenders and its obligation to disburse a portion of the proceeds from property seized as a result of Mr. Brunner's intelligence efforts. In this connection, you represented that there is a standard procedure for hiring informants, but would not advise me of what the standard procedure is, nor confirm for me the arrangement between the DEA and Mr. Brunner. Although you refer to the lack of candor on the part of Mr. Brunner, you told me that you "can't say whether payment of Mr. Brunner's moving expenses was agreed upon" as contended by Mr. Brunner, and that although an informer is eligible to receive up to twenty-five percent (25%) of all proceeds derived from property seized and sold as a result of intelligence

Ben Yarborough, Resident Agent
December 18, 1992
Page Two

provided by an informer, up to a maximum limit, which you thought was $250,000, you would not confirm what the DEA's agreement was with Mr. Brunner in this respect and denied that any property had been so seized as of the date of our conversation, or that any such property would be so seized and sold. In any event, you stated you understood and agreed that you would remit the remaining $2,000.00 reward money due Mr. Brunner to me and that if any other rewards became due Mr. Brunner or any property is confiscated and sold, you would advise me, as Mr. Brunner's legal representative, and similarly remit the offices. In this connection, of course, your policy not to admit or deny the nam who are targets of DEA investigation. A monthly compensation for the month of Nov relating to the apprehension of Mr. David 12th Avenue South, Mr. Brunner is of the since Mr. Church and Mr. Lockabe were rep as part of the DEA Drug Task Force during August negotiations with the DEA and that he was on call awaiting further instruction from Mr. Hearon respecting a planned "reversal", i.e., sale to Mr. Adkins, that he should therefore be entitled to his monthly base salary of $2,000.00 for November, prorated at least through November 13, 1992, or $866.67, and a reward for Mr. Adkins arrest by these members of the Task Force. Because of your unwillingness to confirm Mr. Brunner's arrangement with the DEA for his compensation and moving expenses as discussed above, we now find it necessary to request a complete copy of the DEA's file with respect to Mr. Terry Brunner, DEA #CI0014, including but not limited to complete, legible copies of the following items:

NOTE - I did not say we would pay the money. I would pay the lawyer. I said it would be paid To the CI after the forfeiture

1.) The tape recording taken of the August negotiations and agreement between Mr. Brunner, Wes Heron, his partner "Gale", Gregg Church and/or Brian Lockebe representing the Drug Task Force;

2.) All of Mr. Brunner's debriefings furnished Mr. Wes Heron or other Drug Task Force members, either submitted in writing, or recorded for transcription;

3.) All vouchers, receipts, or other documents Mr. Brunner signed acknowledging receipt of monies from the DEA.

Since our conversation, Mr. Brunner has been served a Subpoena To Testify Before Grand Jury requesting him to appear at the Grand Jury Room, Room 531, 36 North 26th Street, Billings, Montana 59101 on January 20, 1993 at 1:00 p.m.. As indicated in my letter to you of December 8, 1992, Mr. Brunner was hopeful that he and his family would be relocated to Ashland, Wisconsin by this date, where he is expected to report to work on January 4, 1993. As you might appreciate, your failure to confirm the DEA's obligation to Mr. Brunner for his moving expenses will undoubtedly make this move difficult, if not impossible. In any event, it appears at this time that Mr. Brunner's claims against the DEA may very well be expanded to include a claim for lost opportunity if he loses this job position in Ashland, Wisconsin, not to mention claims arising from the Brunner's lost "peace of mind" in having to stay in Montana where their safety is at peril. Irregardless of whether Mr. Brunner is able to move his family to Wisconsin by January 4, 1993, Mr. Brunner's expenses in responding to the Grand Jury Subpoena will need to be arranged for, presumably through the Assistant U.S. Attorney, Bernard F. Hubley, who should call me to set up these arrangements for Mr. Brunner's appearance.

I will await your timely reply in writing.

Sincerely,

Gale R. Gustafson

GRG/cn

cc: Wes Hearon
Don Young
Terry Brunner
Bernard F. Hubley

P.S.: Will you please provide me the mailing address for the DEA's Chief Counsel, Dennis Hoffman?

# Memorandum

| Subject | Date |
|---|---|
| Letter from Mr. Gale R. Gustafson, Attorney for Cooperating Individual SRM-92-0014 | DEC 16 1992 |

To Dennis Hoffman
Chief Counsel
Office of Chief Counsel

From Raymond J. McKinnon
Special Agent in Charge
Seattle Field Division

Attached is a letter from Mr. Gale R. Gustafson, Attorney for Great Falls Resident Office (GFRO) Cooperating Individual SRM-92-0014.

This Cooperating Individual contacted Mr. Gustafson for representation as he/she feels the GFRO owes him/her additional money.

Mr. Gustafson contacted RAC Ben C. Yarbrough and was told SRM-92-0014 was owed $2,000 which would be paid after his/her testimony in Court and SRM-92-0014 was informed of this fact. Mr. Gustafson was also told the account had been settled on the rental trailer and SRM-92-0014 was not obligated in any way.

RAC Yarbrough told Mr. Gustafson SRM-92-0014 had been treated fairly and paid per their agreement and it was DEA's position we would not pay anything further other than the $2,000.

Mr. Gustafson asked a number of questions concerning the Great Falls R/O investigations in which SRM-92-0014 assisted, the defendants involved and the possible seizure of assets. RAC Yarbrough told Mr. Gustafson he could not answer any of his questions. RAC Yarbrough told Mr. Gustafson if he wished any additional information he should contact Chief Counsel and supplied him with the telephone number.

If there is additional information needed or action you wish taken please contact me.

Attachment

U.S. Department of Justice

Drug Enforcement Administration

220 W. Mercer Street, Suite 104
Seattle, Washington 98119

FEB 10 1993

Gale R. Gustafson, Esq.
Gustafson and Rohner
400 South Main Street
Suite 101
Conrad, Montana 59425

Dear Mr. Gustafson:

In response to your recent inquiries, this office will take the following action regarding Mr. Terry C. Brunner.

At the conclusion of Mr. Brunner's testimony, he will be paid the remaining $2,000.00. In addition, we will process and submit Mr. Brunner's request for a percentage of the net proceeds realized from the sale of any assets seized in the investigation(s) in which he assisted the Great Falls Resident Office.

If you have any questions concerning the above, please contact me at (206) 553-5443.

Sincerely,

Raymond J. McKinnon
Special Agent in Charge

PLAINTIFF'S EXHIBIT 15

FEB 16 1993