# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 98-554C
(Filed April 5, 2007)

* * * * * * * * * * * * * * * * * * * * * * * * *

**TERRY C. BRUNNER,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Before the Court is defendant's motion, under Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), for leave to file a first amended answer. The government seeks to add two affirmative defenses to its answer -- "prior material breach" on the part of Mr. Brunner, for "fail[ure] to comply with the terms of any alleged contract"; and "payment, in that Mr. Brunner has received no less than $13,000 pursuant to the alleged contract with the Government." *See* (Proposed) Def.'s First Amended Answer ¶¶ 26, 27. The government's answer, filed more than eight years prior to this motion, contains no affirmative defenses at all. *See* Answer (Oct. 13, 1998).

Rule 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a). In its motion, defendant relies on the Supreme Court's opinion in *Foman v. Davis*, 371 U.S. 178 (1962) -- which explained the Supreme Court's approach to Rule 15(a) of the

Federal Rules of Civil Procedure ("FRCP")[1] -- and opinions from our Court and the Federal Circuit interpreting *Foman. See* Def.'s Mot. for Leave at 3-4. In *Foman*, the Supreme Court held that it is an abuse of discretion for a trial court to deny a motion for leave to amend a pleading "without any justifying reason appearing for the denial." *Foman*, 371 U.S. at 182. The opinion contains dicta identifying a non-exclusive list of "apparent or declared reason[s]" which justify denying a motion for leave to amend, including:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . .

*Id.* A subsequent opinion of the Supreme Court clarified that trial courts were "required to take into account any prejudice that [the non-movant] would have suffered as a result" of granting a motion for leave to amend, when considering such a motion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

The Court does not find that "justice so requires" that the government be given leave to add the affirmative defense of prior material breach. The government moves for leave to amend its answer more than five years after discovery closed[2] and more than eight years after filing its answer. The existence of such a long delay requires the movant to carry "the burden to show the reasonableness of the neglect and delay." *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1263 (Fed. Cir. 1991) (concerning an eight-year delay). This is particularly the case when the facts upon which the amendment is based were known at the time of a prior filing. *See id.* at 1262-63. In this matter, the government filed its answer after it obtained two enlargements of time, requested to give the Drug Enforcement Administration ("DEA") the opportunity to complete a litigation report -- which apparently required discussions with the DEA "employees involved in the circumstances of the complaint." Def.'s Mot. for Enlargement (filed Oct. 13, 1998) at 2. The resulting answer, also filed on October 13, 1998, displays knowledge of details of plaintiff's involvement with the DEA. *See*, *e.g.*, Answer ¶¶ 9, 13. It also contains a reference to a July 21, 1995 letter, *see id.* ¶ 16, which the government now contends should have put plaintiff on notice that the defense of prior material breach "might be raised." Def.'s Mot. for Leave at 5 (citing Def.'s Mot. Summ. J. App. at 27).

At the time it filed its answer, the government clearly had knowledge of the circumstances surrounding Mr. Brunner's deactivation and his failure to testify -- the facts upon

---

[1] "RCFC 15(a) is identical to [FRCP] 15(a) and case law construing the latter may be used to interpret the former." *Principal Life Ins. Co. & Subs. v. United States*, 75 Fed. Cl. 32, 33 n.1 (2007) (citations omitted).

[2] Although some discovery disputes lingered for some time thereafter, the discovery period in this case closed on October 18, 2001. *See* Order (Sept. 4, 2001).

which it apparently now wants to base the affirmative defense of prior material breach. The defense itself, however, is not included in the answer. Defendant has not provided a valid reason for the delay of eight years in asserting this defense. It maintains that, in response to the complaint alleging a breach of contract, it "consistently asserted that there was no valid contract in existence." Def.'s Mot. for Leave at 5. But the Court's rules, mirroring the FRCP, allow for defenses stated in the alternative, and thus potential inconsistency posed no obstacle to the defense. *See* RCFC 8(e)(2). The government then explains that "prior to this Court's May 2, 2006 opinion, this Court had never held that DEA agents possessed the actual implied authority to enter into contracts with confidential informants." Def.'s Mot. for Leave at 5. Only *one* of the six cases cited, however, was decided prior to the filing of the answer -- and that one involved the authority of only field agents, not a Resident-Agent-in-Charge. *See Cruz-Pagan v. United States*, 35 Fed. Cl. 59, 61-62 (1996); *see also Brunner v. United States*, 70 Fed. Cl. 623, 644 (2006) (following *Cruz-Pagan*).[3]

The defendant, then, on the basis of one persuasive (and incompletely on-point) precedent, appears to have made the strategic decision to omit the affirmative defense of prior material breach, only to belatedly discover that it would be useful once a contract has been found to have existed and been breached. This is not a reasonable justification to wait eight years before asserting a defense. *Cf. Zenith*, 401 U.S. at 332-33 (affirming a trial court's denial of a motion for leave to amend and the reopening of a trial that would have ensued, when the defenses sought to be added "were in a sense inconsistent" with the party's other claims, and the Court thus speculated it was "quite possible that [the movant] knew exactly what it was doing in not presenting this argument during trial and that it realized a need to present it only after it learned that its original arguments had not induced the court to hold in its favor"). Nor is the government's rationalization that before the decision on the summary judgment motions, "the issue before this Court was the existence of a contract, and the precise quantum of recovery was not under consideration." Def.'s Mot. for Leave at 5. Answers are not bifurcated, or filed on an installment basis. The rules do not distinguish between affirmative defenses that relate to liability and those that relate to damages, but require all to be included in the answer. *See* RCFC 8(c), 12(b).

Given the undue delay in asserting this affirmative defense, a demonstration of prejudice to Mr. Brunner may not even be necessary. *See Te-Moak*, 948 F.2d at 1262 (discussing significant delay and explaining that "[d]elay alone, even without a demonstration of prejudice, has thus been sufficient grounds to deny amendment of pleadings"). But in any event, under applicable Federal Circuit precedent, the "burden of demonstrating prejudice is light" when, as here, a litigant failed to assert its defense at the earliest opportunity. *Tenneco Resins, Inc. v.*

---

[3] The government's motion for summary judgment also relied on a Federal Circuit opinion which was filed one week after the answer was signed and one day after the answer was filed -- *Salles v. United States*, 156 F.3d 1383 (Fed. Cir. 1998) (per curiam). *See* Def.'s Mot. Summ. J. at 7, 10. That case concerned only payments from the Assets Forfeiture Fund. *See Brunner*, 70 Fed. Cl. at 644.

*Reeves Bros., Inc.*, 752 F.2d 630, 634 (Fed. Cir. 1985). The interjection of the affirmative defense of prior material breach, over five years after the close of discovery, may well require additional discovery by Mr. Brunner -- who had previously been given no reason to discover facts relating to this defense. This case is over eight years old, and concerns events that took place over fourteen years ago. As the Federal Circuit has recognized, trial courts "may properly consider the possibility of prejudice to a party stemming from the burden of additional discovery after a long delay," caused when "witnesses may have dispersed" and "[m]emories fade." *Id.* These problems have already been exhibited in this case. Plaintiff's efforts to obtain information from the former DEA agent who approved plaintiff's utilization and concurred in his deactivation, *see* Def.'s Summ. J. App. at 3, 10, ultimately resulted in a declaration in which the former agent for the most part did not recall any details concerning plaintiff's work for the DEA. *See* Def.'s Resp. to Court's Mar. 24, 2005 Order (filed Apr. 1, 2005). The ensuing two years and ten months could hardly have assisted his memory. The Court finds that the prejudice to Mr. Brunner due to the belated assertion of this affirmative defense would be substantial.

The Court does not find defendant's arguments to the contrary to be of avail. Proceedings are not at a "nascent stage." *Cf. Tyger Constr. Co. v. United States*, 28 Fed. Cl. 35, 54 (1993) (finding no prejudice in allowing an amendment to an answer after a two and one-half year delay, when "[t]he parties were in the midst of discovery, they had not filed dispositive motions, and the matter was several years away from trial"). The government ignores the potential need for discovery, and somewhat disingenuously states that "the trial date has not yet been set." Def.'s Mot. for Leave at 4. As defendant well knows, after the Court's liability ruling in Mr. Brunner's favor, the parties have proposed to attempt to stipulate to facts regarding damages and thereby avoid the need for a trial. *See*, *e.g.*, Joint Status Report (Sept. 22, 2006) at 1-2. This streamlined process, concerning a relatively small amount of damages, *see* Order (July 27, 2006), would be severely impacted by the introduction of a new matter entitling plaintiff to additional discovery. Given the government's undue delay in seeking to amend the answer, and the possibility of substantial prejudice to Mr. Brunner, the Court concludes that leave to add the affirmative defense of prior material breach should not be given to the government.[4]

Concerning the other affirmative defense that the government seeks to add to its answer -- the affirmative defense of payment -- the Court finds that no amendment is necessary to add this defense. The complaint alleged that some payments have been made to plaintiff. Compl. ¶ 11. While the amount of these payments may be in dispute, *see* Answer ¶ 11, the notion that Mr. Brunner is owed some amount net of the sum already received is implicit in the complaint and

---

[4] The Court notes that plaintiff's opposition brief appears, somewhat cryptically, to raise an additional ground for denying the motion -- its futility. *See*, *e.g.*, Pl..'s Br. Opp. Def.'s Mot. at 5-6. The Court does not reach this issue, and finds that the effectiveness of plaintiff's presentation was compromised by the use of intemperate and unprofessional assertions -- characterizations such as "reprehensible, bad faith smear tactic" and "criminal" breach. *Id.* at 4, 7. Plaintiff's counsel should understand that such language is not appropriate for filings in our Court and should not be included in future filings.

thus the answer. The Court will, accordingly, consider defendant's affirmative defense of payment as if it were included in the original answer. But for the foregoing reasons, defendant's motion for leave to file a first amended answer is **DENIED**.

The parties shall file a Joint Status Report within fourteen days of the date of this order, proposing a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge