IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERRY C. BRUNNER, Plaintiff, | * | No. 98-554C (Judge Wolski) |
| v. | * | |
| THE UNITED STATES, Defendant. | * | PLAINTIFF BRUNNER'S MOTION FOR SUMMARY JUDGMENT - BRIEF IN SUPPORT THEREOF |

COMES NOW, the Plaintiff, TERRY C. BRUNNER, via his undersigned counsel, and pursuant to Rule 56, Summary Judgment, Rules of the United Court of Federal Claims, hereby moves this Court for its Order granting Summary Judgment in favor of the Plaintiff, Terry C. Brunner, on damages as more specifically set forth below. This motion is based upon the pleadings filed herein, including but not limited to the Defendant's Answer, this Court's May 2, 2006 Opinion And Order and the parties Joint Stipulations Of Fact Regarding Damages. In addition thereto, the Plaintiff relies on the various discovery responses of the Defendant appended hereto as Exhibits and made a part hereof by reference. As shown below, there are no genuine material issues of fact respecting the damages that are due the Plaintiff, Terry C. Brunner, for services he rendered for "monetary considerations" as a Regular Confidential Informant for the Drug Enforcement Administration during his activation the last five (5) months of 1992, almost 15 years ago.

## I. ARGUMENT

Plaintiff, Terry Brunner, was granted-in-part and denied-in-part Plaintiff's Cross-Motion For Summary Judgment by this Court in presiding Judge Wolski's May 2, 2006 Opinion And Order. In this May 2, 2006 Opinion And Order this Court concluded on page 32 thereof that "No

contract with Plaintiff was possible concerning a promise to pay awards of $2,500 for each defendant indicted and twenty-five percent of the value of assets seized and forfeited, but that RAC Yarbrough possessed implied authority to bind the DEA in a contract paying him a monthly salary of $2,000 and expenses including relocation expenses. This Court also concluded at the top of page 2 of its Opinion And Order that

> "The Plaintiff served as a cooperating individual for the DEA from August, 1992 until January, 1993. . . .The Plaintiff was officially activated as a cooperating individual on August 3, 1992, signing a DEA "Cooperating Individual Agreement" form - - which agents Hearon and Williams also signed"

Although Plaintiff Brunner's investigative efforts on behalf of, and information provided to the Drug Enforcement Administration, including his Grand Jury Testimony, resulted in no less than seven (7) indictments for drug trafficking charges, with six (6) individuals pleading guilty and one individual being found guilty at trial, the Drug Enforcement Administration deactivated him for "unsatisfactory performance" on January 6, 1993. See Def's Answer, ¶9; Def's Resp. To Pl's Prop. Findings No. 24; Def's App. at 10.

Also, this Court concluded in the Part III. Conclusion, of its May 2, 2006 Opinion And Order that

> ". . . the existence of a binding contract with the DEA, promising Plaintiff a monthly salary of $2,000 and a reimbursement of relocation expenses, has been established as beyond dispute."

The Joint Stipulations of Fact Regarding Damages dated and signed by counsel on May 8, 2007, reflects that for the period of Plaintiff Brunner's activation the last five (5) months of 1992, or from August 3, 1992 through January 6, 1993, he received the following sums toward his salary:

Stipulation of Fact No. 9: "Mr. Brunner received a payment of $1,000 from PE/PI Funds for Information And Expenses, described in the remarks Section of the relevant DEA From 103

(Voucher For Payment) as [s] alary for ½ of Sept., on September 1, 1992, from task force officer Greg Church." [Clarification Added]

This same voucher bears the signature of Ben C. Yarbrough, Resident Agent In Charge, as the "Approving Supervisor."

Stipulation of Fact No. 11: "Mr. Brunner received a payment of $200 from PE/PI funds for "Information And Expenses" described in the remarks Section of the relevant DEA form 103 (Voucher For Payment) as for "partial Month Salary," on September 14, 1992, from task force officer Bryan Lockerby." [Clarification Added]

This same voucher also bears the signature of Ben C. Yarbrough, Resident Agent In Charge, as the "Approving Supervisor."

Stipulation of Fact No. 14: "Mr. Brunner received a payment of $600 from PE/PI funds for "Information and Expenses" described in the remarks section of the relevant DEA form 103 (Voucher For Payment) as for the "[p]ayment of balance of monthly ($2,000) salary owed for September 1992," on September 18, 1992 from Mr. Lockerby. [Clarification Added]

This same Voucher also bears the signature of Ben C. Yarbrough, Resident Agent In charge as the "Approving Supervisor"

Stipulation of Fact No. 17: "Mr. Brunner received a payment of $2,000 from PE/PI funds for "Information and Expenses" described in the remarks section of the relevant DEA form 103 (Voucher For Payment) as "payment for expenses and October salary," on October 13, 1992, from Mr. Lockerby. [Clarification Added]

This same Voucher bears the signature of William G. Mountsier, ARAL, as the

"Approving Supervisor."[1]

As already indicated above, this Court concluded in Part III. Conclusion of its May 2, 2006 Opinion And Order that

> ". . . **the existence of a binding contract with the DEA, promising plaintiff** a monthly salary of $2,000 and a **reimbursement of relocation expenses, has been established as beyond dispute.**"[Emphasis Added]

Thus, from the foregoing Stipulations Of Fact it is undisputed that the Plaintiff, Terry C. Brunner, only received the following sums towards his promised salary of $2,000 per month for the five (5) month period from the date of his activation on August 3, 1992 through January 6, 1993, the date of his deactivation:

| | |
|---|---|
| August | $ 0 |
| September | $1,800 |
| October | $2,000[2] |
| November | $ 0 |
| December | $ 0 |
| Total | $3,800 |

Thus, the Drug Enforcement Administration clearly underpaid Plaintiff Brunner by **no less than** $6,200.00 for this five (5) month period.

In the parties' Joint Stipulations Of Fact Regarding Damages, particularly Stipulations Of Facts Nos. 22 and 23, the Defendant has also acknowledged that Plaintiff Brunner had submitted an estimate of $1,801.24 from Atlas Van Lines dated December 8, 1992, to move his household

---

[1]Although the $2,000 payment to Plaintiff Brunner represented by the October 13, 1992 Voucher referenced in Stipulation of Fact No. 17 above represents it was for "payment for expenses and salary" the Defendant has never furnished the Plaintiff a breakdown of how much of this $2,000 was for salary and how much was for expenses notwithstanding several discovery requests requesting this breakdown.

[2]Some portion of this $2,000 payment was for reimbursement of expenses.

belongings from Conrad, Montana to Ashland, Wisconsin where he secured a mechanic's job and estimated that he would incur approximately $700.00 in additional expenses, i.e. gas for his two (2) vehicles, meals and lodging for Plaintiff and his wife and two (2) children to drive to Ashland Wisconsin. Because the DEA reneged on its promise to pay Mr. Brunner's relocation expenses, Plaintiff Brunner was not able to appear for his new job in Ashland, Wisconsin, and eventually ended up moving his family to Fort Erie, Ontario, Canada, just across from Buffalo, New York where he was able to secure another job with General Motors, almost twice the distance to Ashland, Wisconsin, and all at his own expense. Therefore, Plaintiff Brunner should at least be entitled as a matter of law to these relocation expenses of $2,501.24, if not double that amount since he eventually ended up moving to Fort Erie, Ontario, Canada where he was able to find employment just across the border in Buffalo, New York after he lost his job in Ashland, Wisconsin because the DEA also reneged on its promise to pay his relocation expenses.

Furthermore, the DEA still is disputing that any salary is owed to Plaintiff Brunner notwithstanding the fact this Court deemed that the Defendant was under contractual obligation to pay Plaintiff Brunner his salary and expenses working as a Regular Confidential Informant. Plaintiff Brunner is entitled to at least $6,200 for salary that has not been paid to date by Defendant, together with at least $2,501.24 for his relocation expenses, for a total of no less than $8,701.24. In addition to this sum, there remains owing by the Defendant to the Plaintiff, Terry C. Brunner, the additional sum of $2,000 for expenses related to RM-92-Z003 [Michael Snider] which was to be paid to Plaintiff " at the end/close of this case." See the parties' Stipulations Of Fact No. 21 which reads as follows:

> "21. Mr. Brunner received payment from PE/PI funds for 'Information And Expenses' described in the remarks section of the relevant DEA form 103 as 'Payment to CI for expenses incurred re: RM-92-Z003 [Michael Snider] CI will be paid in full $2,000 at the end/close of this case' on November 23, 1992 from Mr. Hearon."

This Voucher For Payment was also approved by Ben C. Yarbrough, RAC.

This Defendant, Michael "Goat" Snider was indicted by the same Grand Jury before which the Plaintiff, Terry C. Brunner testified in January 1993, and plead guilty to conspiracy and possession with the intent to distribute methamphetamine and cocaine on January 27, 1995. See Defendant's Exhibit 7 to Deposition of Terry C. Brunner, a copy of which is attached hereto.

Thus, there is no genuine issue of fact that the Defendant owes the Plaintiff, Terry C. Brunner, a total of $10,701.24. Plaintiff Brunner has been denied the use and benefit of these funds and continues to be penalized. At Montana's legal rate of interest at Ten Percent (10%) per annum, this sum would accrue interest in excess of $15,000 since February 6, 1993 or the past 14 years and four (4) months! The Defendant, by withholding these funds, continues to reap the benefit of the use of these funds and the interest thereon, to the detriment of the Plaintiff who has been wrongfully deprived of these funds for almost fourteen and one half years (14 ½) years.

In fact, Plaintiff Brunner has also incurred attorney's fees and costs in excess of $20,000 to pursue this matter because of the obdurate behavior of the Defendant.

After this Court's ruling that the Defendant had not contracted with Plaintiff Brunner to receive any "awards", the Defendant has stipulated in the parties' Joint Stipulations of Fact Regarding Damages, particularly Stipulation Of Fact No. 19, that it had, in fact, paid Plaintiff Brunner $2,500 from the PE/PI funds for a "Reward", as described in the remarks section of the relevant DEA form 103 (Voucher For Payment) due to the fact Plaintiff Brunner, SRM-92-0014

was directly responsible for the seizure of 1.5 pounds of methamphetamines and cocaine from Michael Snider on October 13, 1992. This "reward" paid Plaintiff by the Defendant was paid on October 21, 1992 by Special Agent, Mr. Wes Hearon. Accordingly, the $2,500 reward promised the Plaintiff by the Defendant, through its Special Agents, Wes Hearon and Gale Williams, and approved by Ben C. Yarbrough, the Resident Agent In Charge, for each Defendant indicted as a result of Plaintiff's investigative efforts and Grand Jury testimony, and there were at least seven, (7) of them, are within the contractual authority of Ben C. Yarbrough, RAC, since he signed off on this "Reward Voucher" as Witness and Approving Supervisor. This authority to pay such rewards to Plaintiff Brunner, evident by this Stipulation Of Fact No. 19 and October 21, 1992 Voucher, makes it clear and undisputed that the Defendant also owes Plaintiff an additional $15,000 in rewards from PE/PI funds for the other six (6) Defendants indicted as a result of Plaintiff's investigative efforts and Grand Jury Testimony.

**II CONCLUSION**

WHEREFORE, the Plaintiff, TERRY C. BRUNNER, respectfully prays this Court for Summary Judgment in his favor and against the Defendant for the following amounts:

1. No less than $6,200.00 for salary owed;
2. No less than $2,501.24 for Relocation Expenses;
3. $2,000 for Plaintiff's expenses incurred and remaining unpaid with respect to Michael "Goat" Snider, RM-92-Z003;
4. $15,000 for "rewards" for the six (6) other Defendants indicted as a result of Plaintiff's investigative efforts and Grand Jury Testimony; and for
5. Such other and further relief as the Plaintiff may be entitled to under any applicable law

or statute.

DATED this 8th day of June, 2007

Respectfully submitted,

GUSTAFSON & ROHRER

/s/ Gale R. Gustafson

Gale R. Gustafson
400 South Main Street, Suite 101
Conrad, Montana 59425
Telephone: (406) 278-7521
Facsimile: (406) 278-7522
Counsel for Plaintiff, Terry C. Brunner