U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION

# COOPERATING INDIVIDUAL AGREEMENT

The undersigned cooperating individual agrees to the following:

1. I will not violate criminal laws in furtherance of gathering information or providing services to DEA and any evidence of such a violation will be reported by DEA to the appropriate law enforcement agency.
2. I have no official status, implied or otherwise, as Agent or employee of DEA.
3. That the information I provide may be used in a criminal proceeding and I may be called upon to testify to such information in a court of law and although DEA will use all lawful means to protect my confidentiality, this cannot be guaranteed.
4. I am advised that it is a Federal offense to threaten, harass, or mislead anyone who provides information about a Federal crime to a Federal law enforcement agency. If I experience anything of this nature, as a result of my cooperation with DEA, I will contact my controlling agent immediately.

I have read and understand the above regarding my conduct as a DEA Cooperating Individual.

[signature] 8/3

Signature/Date

WITNESSED BY:

[signature]

[signature] S/A 8/3/92

C. I. File Number: JRM-93-0014

DEA Form - 473
(Jan. 1986)

• U.S. GPO: 1986-491-589/45709

MONTANA DEPARTMENT OF JUSTICE

INVESTIGATIVE REPORT

CASE NO: MC 92-10-W13
DATE: 10/29/92
AGENT: John A. Reed
SUBJECT: Criminal Possession of Dangerous Drugs

SUSPECT: TERRY CLARENCE BRUNNER
WMA
DOB: 01/14/45
SSN: 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
5'8, 210 Lbs.
Brown eyes, black hair
Residence: 310 S. Wish
Conrad, MT

DETAILS:

On October 26, 1992, Montana Criminal Investigation Bureau (MCIB) Region 3 Agent John A. REED assisted with an undercover drug investigation in Great Falls, Cascade County, Montana, with MCIB Confidential Contributor CC-SIW-105 (Informant), Terry BRUNNER. (See related MCIB case no. 92-10-W12.)

At approximately 1720 hours, Agent REED, MCIB Region 3 Agent Julane O. FUNK and U.S. Drug Enforcement Administration (DEA) Special Agents (S/A) Wes HEARON and Gale WILLIAMS met with the Informant at a prearranged location. S/A HEARON and WILLIAMS conducted a search of the Informant's person, finding no items of contraband.

At approximately 1725 hours, Agent REED and S/A HEARON conducted a search of the Informant's personal vehicle. S/A HEARON located a clear plastic ziploc baggie, containing approximately one-eighth (1/8) ounce of suspected marijuana, in the pocket of a black leather jacket, on the vehicle's front seat. The jacket belongs to BRUNNER.

S/A HEARON seized the suspected marijuana and transferred custody of it to Agent REED. Agent REED secured the evidence and assigned it Major Case No. 92-10-W13. The evidence was maintained in Agent REED'S personal custody, pending submission to the Montana Forensic Science Division for chemical analysis.

Terry BRUNNER stated that, although the leather jacket was his, his wife had worn the jacket recently and that the marijuana did not belong to him, but rather his wife. BRUNNER'S wife resides in

Conrad, Montana and was not available for interview.

On October 29, 1992, Agent REED hand-carried the clear plastic baggie containing approximately one-eighth (1/8) ounce of suspected marijuana to the Montana Forensic Science Division and submitted it, along with a request for chemical analysis. (See submission form in case file.)

Investigation continuing.

MC921013/

RECEIVED
NOV 04 REC'D
WESTERN SPECIAL INVESTIGATION SECTION

STATE OF MONTANA
FORENSIC SCIENCE DIVISION
DEPARTMENT OF JUSTICE
554 WEST BROADWAY - 6TH FLOOR
MISSOULA, MONTANA 59802
(406) 728-4970

**EVIDENCE EXAMINATION REPORT:** AGENCY CASE #: MC92-10-W13 LAB CASE #: 922546
SECTION #: AF060

SUBMITTING AGENCY: M.C.I.B. REGION III
TYPE OF CASE: Possession of Dangerous Drug
ADDRESS: P.O. Box 8357
Missoula, MT 59807
SUBJECT NAME(S): John Doe
SUBMITTED BY: Agent John A. Reed
DELIVERED BY: John A. Reed, personally
DATE RECEIVED: 10-29-92

Received this case as follows:

#922546 One heat-sealed plastic evidence bag containing one ziploc bag of partially-smoked alleged marihuana cigarettes mixed with leafy plant material alleged to be marihuana.

Sample Weight: 3.50 grams, 3.37 grams returned to the submitting agency.

Microscopic examination of the sample was positive for marihuana. Analysis of the sample extract by gas chromatography/mass selective detector positively identified tetrahydrocannabinol (THC), a schedule controlled hallucinogen found in marihuana.

Note: This evidence will be retained at the laboratory until claimed by your representative.

The above-referenced item(s) of evidence was(were) received by me in a sealed container(s) that had no indication of having been damaged, breached, broken or adulterated in shipment. After analysis(analyses) repackaged the item(s) and sealed the container(s) for return to the submitting agency. The item(s) was(were) secured at all times while in my care, custody and control and remained free of tampering and/or adulteration.

November 2, 1992

Annalivia Harris
Annalivia Harris
Forensic Scientist

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| | | | |
|---|---|---|---|
| 1. PROGRAM CODE | 2. CROSS FILE / RELATED FILES | 3. FILE NO. SRM-92-0014 | 4. G-DEP IDENTIFIER |
| 5. BY: S/A Wes Hearon<br>AT: Great Falls RO | | 6. FILE TITLE<br>Cooperating Individual | |
| 7. Closed / Requested Action Completed / Action Requested By: | | 8. DATE PREPARED<br>12/11/92 | |
| 9. OTHER OFFICERS: | | | |
| 10. REPORT RE: Unsatisfactory performance of SRM-92-0014. | | | |

DETAILS:

1. On 10/26/92, S/A's Hearon and Williams assisted Montana Criminal Bureau of Investigation (MCIB) in a drug purchase using SRM-92-0014. After the initial debriefing a search was conducted of the CI and his vehicle. S/A Hearon found approximately 1/8 ounce of marijuana in the CI's coat pocket. Also during the search MCIB Agent John Reed found an unloaded .25 automatic in the glove compartment of the CI's vehicle.

2. The marijuana found in the possession of the CI was given by S/A Hearon to MCIB Agent John Reed to determine as to whether the CI would be charged at later date.

3. S/A Hearon noted that he was aware that the CI was the owner of the .25 automatic, but on several occasions S/A Hearon advised the CI that the gun should remain at his residence and would not be present during any work that he initiated or was helping the DEA with.

4. On or about 12/4/92, S/A Hearon received a telephone call from SRM-92-0014 and the CI was bitter that he was not to receive more money than the $500.00 given to him by S/A Hearon and RAC Yarbrough at an earlier date, for moving expenses. The CI claimed that it would cost approximately $2,000.00 to move he and his family to Wisconsin and that he felt that DEA was obligated for the moving expenses. S/A Hearon advised the CI that DEA was not prepared to pay the CI any further funds for moving and that he was to be paid $2,000.00 at the conclusion of RM-92-Z003 and the conversation was concluded.

5. On 12/5/92 at approximately 11:00 p.m., S/A Hearon received a telephone call from SRM-92-0014. It appeared to S/A Hearon that the CI was intoxicated. The CI told S/A Hearon that he had just left the Black Eagle County Club (BECC) in Great Falls, MT, were he had been assaulted by a bouncer and bartender at the Club. The CI stated that because of the information and the work that he had done for the MCIB that people in the BECC thought he was a snitch. S/A Hearon advised the CI that he was aware that a problem may occur because of intelligence he (CI) had gathered earlier. S/A Hearon asked the CI why he (CI) went in to the BECC if he thought that an assault would take place. The CI became

| | | |
|---|---|---|
| 11. DISTRIBUTION: REGION AMRI, OS Seattle FD / DISTRICT / OTHER | 12. SIGNATURE (Agent) S/A Wes Hearon [signature] | 13. DATE 12/17 |
| | 14. APPROVED (Name and Title) SAC Raymond J. McKinnon [signature] | 15. DATE 1/5 |

hmm 12/16/92

DEA Form - 6 (May 1980)

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. FILE NO. SRM-92-0014 | 2. G-DEP IDENTIFIER |
|---|---|---|
| 4. Page 2 of 2 | 3. FILE TITLE Cooperating Individual | |
| 5. PROGRAM CODE | 6. DATE PREPARED 12/11/92 | |

very irritated and stated "I can go about this two ways, I have been threatened but it looks like I'm gonna have to get hurt. I'm going to go out here and push it until I get hurt." After the above statement was made, S/A Hearon advised the CI to go home and get some sleep and to call in on 12/7/92 and he would have the opportunity to come in and talk to RAC Ben Yarbrough, and the conversation was concluded.

6. On 12/7/92 at approximately 10:30 a.m., S/A Hearon was contacted by SRM-92-0014. The CI asked if RAC Yarbrough was there and S/A Hearon advised that he was not and that S/A Hearon was unable to advise RAC Yarbrough of the conversation that had taken place on 12/5/92. The CI then stated that he had no other recourse but to contact an attorney and the conversation was concluded.

7. On 12/10/92, S/A Hearon and RAC Ben Yarbrough received a letter from Gale R. Gustafson of Gustafson and Rohrer of Conrad, MT, who is representing the CI in his attempt to collect approximately $9,000.00 that the CI feels is owed him by DEA. It was obvious through the attorneys letter that the CI may have compromised case number RM-92-Z003 by giving his attorney a list of possible defendants that DEA had targeted in the above mentioned case. Therefore it is S/A Hearon's opinion along with RAC Ben Yarbrough's that the CI be declared unsatisfactory because of the above mentioned reasons.

RAC

Ben C. Yarbrough, RAC

DEA Form - 6a (May 1980) hmm 12/16/92

DEA SENSITIVE

DRUG ENFORCEMENT ADMINISTRATION

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the Agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 2

| 1. PROGRAM CODE | 2. CROSS FILE / RELATED FILES | 3. FILE NO. | 4. G-DEP IDENTIFIER |
|---|---|---|---|
| | | RA-92-X034 | IG2-S2 |
| 5. BY: SA Dennis J. Baker<br>AT: South Lake Tahoe | ☐<br>☐<br>☒ SRM-92-0014<br>☐<br>☐ | 6. FILE TITLE<br>JOHNSON, Robert Steven et al. | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | | 8. DATE PREPARED<br>11/12/92 | |

9. OTHER OFFICERS: TFA Jack Schmidt

10. REPORT RE:
Debriefing of SRM-92-0014

DRUG RELATED INFORMATION:

1. Reference is made to all previous DEA 6's with this case number and file title.

2. On 11/10/92 SA Dennis Baker and TFA Jack Schmidt debriefed SRM-92-0014 regarding drug trafficking activities in the northern Nevada and eastern California area. SRM-92-0014 stated that he met with Mitch BATESEL, previously identified as an assosiate of Steven JOHNSON- a major methamphetamine trafficker, on 11/9/92 in the SH-BOOM SALOON located on highway 395 north in Washoe Valley. SRM stated that the meeting was an initial contact and a period of general conversation. SRM stated that he/she will follow up the conversation and attempt to meet with BATESEL again to obtain conversation regarding narcotics.

3. SA Baker and TFA Schmidt instructed SRM to begin targeting the BROTHER'S BAR, and the GOALPOST BAR, both located in South Lake Tahoe.

NON DRUG RELATED INFORMATION:

None at this time

ASSET RELATED INFORMATION:

None at this time

INDEXING SECTION:

1. [redacted]
2.
3.

| 11. DISTRIBUTION: LAIU, Great Falls MT. | 12. SIGNATURE (Agent) | 13. DATE |
|---|---|---|
| REGION | SA Dennis J. Baker | 11/12/92 |
| DISTRICT | 14. APPROVED (Name and Title) | 15. DATE |
| OTHER | RAC Joel Gurensohn | 11/12/ |

DEA Form - 6 (May 1980) djb

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.