IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERRY C. BRUNNER, | * | |
| Plaintiff, | * | |
| v. | * | No. 98-554C |
| THE UNITED STATES, | * | (Judge Wolski) |
| Defendant. | * | |

**PLAINTIFF'S MOTION**
**FOR EXTENSION OF TIME TO FILE**
**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-**
**OPPOSING DEFENDANT'S CROSS-MOTION**
**FOR SUMMARY JUDGMENT-**
**BRIEF IN SUPPORT THEREOF**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, the Plaintiff, TERRY C. BRUNNER, via his undersigned attorney, respectfully requests an enlargement of time within which to file Plaintiff's Reply Brief In Support Of Plaintiff's Motion For Summary Judgment and Brief Opposing Defendant's Cross-Motion For Summary Judgment. This reply/opposing brief is currently due to be filed on Thursday, August 9, 2007, and this request is based upon the fact that on July 27, 2007 the undersigned counsel for the Plaintiff was advised by Steve Mager, counsel for the Defendant, that the Plaintiff was deceased. See Suggestion Of Death filed herein on said date. On May 8, 2007 the undersigned counsel for Plaintiff was advised by Susan Jones, a friend of the Plaintiff, that the Plaintiff, who has suffered from hepatitis, was advised by his attending physician that he was dying of an infected liver and sent him home to die, along with antibiotics and sleeping medication since he had no health insurance and he was denied any medicaid or public assistance to cover his hospital/physician

care. The undersigned counsel for the Plaintiff immediately called Steve Mager, the U.S. Attorney representing the Defendant, and who previously indicated an interest in settling this matter, pled with him to get settlement authority so as facilitate getting the critically needed funds for Mr. Brunner's hospitalization and medical care. Mr. Mager simply responded by advising undersigned counsel for the Plaintiff to file Plaintiff's Motion For Summary Judgment and he would present that to his superiors in order to convince them to make a reasonable offer of settlement. Having been presented this indifferent response by Mr. Mager and since the undersigned counsel for Plaintiff was advised by Ms. Jones that she would keep him advised of his client's condition, and had not been advised of his client's death on June 7, 2007, he prepared and filed herein PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - BRIEF IN SUPPORT THEREOF on June 8, 2007. Disappointingly, nothing was heard from Mr. Mager until some two (2) months later when the undersigned counsel received Defendant's Cross-Motion And Response To Plaintiff's Motion For Summary Judgment on Damages wherein the Defendant proposes Summary Judgment for the meager sum of $2,000.00.

On July 30, 2007, counsel for the Plaintiff was able to verify through a family friend that the Plaintiff had, in fact, passed away. Counsel for the Plaintiff is unable to pursue this matter until a Personal Representative can be appointed for the Decedent's Estate and that individual can be substituted as the party plaintiff pursuant to Rule 25(a), RCFC. Plaintiff's only known surviving family member is his minor son, Cody, age 15, who is unable to undertake such a responsibility. Undersigned counsel has spoken with Cody's Temporary Guardian, Crystal White, of Inglis, Florida to see if she would be willing to be appointed and accept the responsibility as Personal Representative of Plaintiff's Estate on behalf of and for the benefit of

Plaintiff's minor child. Ms. White is currently checking into the statutes in Florida to see what the requirements are to be appointed as the Personal Representative of Plaintiff's Estate, as well as the duties thereof, as she is a single mother caring for her own one (1) year old child, along with Decedent's minor son, with no financial assistance, and is not in a position financially to hire an attorney to assist her.

With the death of the Plaintiff, Terry C. Brunner, his son, Cody, has now been placed at a disadvantage as he no longer can expect to receive any emotional or financial support from his father. For the benefit of Cody's future well being, it is essential for Cody to proceed with this claim as he has no other family to support him and assist with any educational needs that he may have now or in the future. Thus, on behalf of the Plaintiff's minor son and his Temporary Guardian, an extension of time is requested to file Plaintiff's REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/BRIEF OPPOSING DEFENDANT'S CROSS-MOTION until after a Personal Representative can be appointed for the Plaintiff's Estate and substituted as the party plaintiff herein.

WHEREFORE, the undersigned counsel respectfully requests that the Court grant this motion for an indefinite enlargement of time sufficient for the appointment of a Personal Representative of the Plaintiff's Estate, substitution of said Personal Representative as the Plaintiff herein to go forward with this matter and to authorize any and all matters related to this case and prepare and file Plaintiff's REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/ BRIEF OPPOSING DEFENDANT'S CROSS-MOTION.

DATED this _____ day of August, 2007.

Respectfully submitted,

GUSTAFSON & ROHRER

___________________________________

Gale R. Gustafson
Attorney At Law
400 South Main Street, Suite 101
Conrad, Montana 59425
Telephone: (406) 278-7521
Facsimile: (406) 278-7522
Counsel for Plaintiff, Terry C. Brunner