IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERRY C. BRUNNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-554 |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

**RESPONSES OF THE UNITED STATES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States hereby responds to plaintiff's second set of interrogatories, served on August 15, 2001, as follows:

General Statements And Objections

1. Defendant objects to plaintiff's interrogatories to the extent that they seek to require the defendant to provide information beyond the scope of the RCFC.

2. Defendant objects to plaintiff's interrogatories to the extent that they seek to require defendant to provide information which is protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the investigatory files privilege, or the Privacy Act, 5 U.S.C. § 552.

3. Defendant objects to plaintiff's interrogatories to the extent that they seek to require defendant to provide information not within its custody or control.

4. Defendant objects to plaintiff's interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient or less burdensome or expensive.

5. Defendant objects to plaintiff's interrogatories to the extent that they seek information that is as easily accessible to plaintiff as it is to defendant.

Each of these objections is incorporated by reference into all of the following responses.

Discovery is ongoing in this litigation. Accordingly, the responses of the defendant to plaintiff's interrogatories are based upon the information available at this stage in the litigation. Defendant reserves the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

Likewise, the objections made by defendant to plaintiff's interrogatories are based upon the information presently known by the defendant, and are made without prejudice to defendant's right to assert additional grounds for objections in the event that additional grounds for objections should be discovered by defendant subsequent to this response. Moreover, the mere fact that defendant has responded to a particular interrogatory is not a waiver by defendant of any presently stated, or subsequently asserted, objection to a particular interrogatory.

INTERROGATORY NO. 48: What portion of the $2,000.00 paid to Plaintiff, Terry C. Brunner, for October's salary and expenses pursuant to the 10/10/92 Voucher For Payment was for expenses?

RESPONSE: Defendant objects to this interrogatory as irrelevant and unlikely to lead to the discovery of admissible evidence.

CERTIFICATION OF RICHARD A. MEDEMA

I, RICHARD A. MEDEMA, declare that I assisted in preparing the Responses of the United States to Plaintiff's Second Set of Interrogatories. I have reviewed these responses and declare under penalty of perjury that to the best of my knowledge and belief, based upon the information available to me after diligent inquiry, that these responses are true and correct.

Dated: 10/17/01

Richard A. Medema