# In the United States Court of Federal Claims

No. 98-554C
(Filed June 14, 2012)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
RONALD W. STEVENS,                               *
as Personal Representative of the                *
estate of TERRY C. BRUNNER,                      *
                                                 *
                    Plaintiff,                   *
              v.                                 *
                                                 *
THE UNITED STATES,                               *
                                                 *
                    Defendant.                   *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

As discussed during the status conference held on June 12, 2012, the parties shall submit, on or by **Thursday, June 28, 2012**, a Joint Status Report. This report should contain a proposed schedule for the trial, the pretrial conference, and the matters covered in paragraphs 13-18 of Appendix A to the Rules of the United States Court of Federal Claims.

As requested by plaintiff's counsel, the Court has reviewed the opinions in *Aboo v. United States*, 347 Fed. Appx. 581 (Fed. Cir. 2009) (per curiam) ("*Aboo II*"), *aff'g*, 86 Fed. Cl. 618 (2009) ("*Aboo I*"), and concludes that they do not mark a change of controlling (or even persuasive) legal authority that could be applicable to this case. Similar to the Court's finding in *Brunner v. United States*, 70 Fed. Cl. 623, 649 (2006), in *Aboo II* the Federal Circuit affirmed the finding that Mr. Aboo presented no evidence that any government agent with whom he dealt possessed express or implied actual authority to promise to pay the reward he sought (or even bind the government in any contract). *Aboo II*, 347 Fed. Appx. at 583.

Regarding relocation expenses, while the Circuit noted in passing that Mr. Aboo had "failed to provide [an IRS Special Agent] an estimated cost of his moving expenses for approval," *id*. at 583, in that case the government conceded that it would have paid relocation expenses had Mr. Aboo accepted the offer by submitting an expense estimate. *Aboo I*, 86 Fed. Cl. at 630. No such concession is present in this case, nor had evidence been presented or identified demonstrating that the Drug Enforcement Administration promised to advance Mr. Brunner the estimated costs of his relocation, as opposed to reimbursing him for his actual relocation expenses. Thus, *Aboo* does not appear to provide a ground for reconsideration of the Court's earlier rulings. Moreover, as defendant's counsel noted, the Court of Federal Claims

decision in *Aboo* was published several months before plaintiff filed his motion for reconsideration, *see Aboo I*, 86 Fed. Cl. at 618, and the Federal Circuit decision was issued more than a month prior to the filing of plaintiff's reply paper supporting that motion, *see Aboo II*, 347 Fed. Appx. 581, and thus these decisions could have been cited in connection with that motion.

The Court recognizes, however, the unusual circumstances attending this case, as Mr. Brunner died the day before his summary judgment motion on the damages issues was filed, *see* Suggestion of Death, and thus was not available to provide a declaration opposing the government's cross-motion. With those circumstances in mind, were plaintiff to provide at trial new material evidence --- such as testimony from Mr. Brunner's widow or one of his children --- relating to the Brunners' 1993 move from Montana to Wisconsin, the ruling on relocation expenses could be reconsidered.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge